UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. BOWERS, JR., | |
| Petitioner, | CASE NO.   C04-2564RSL |
| | (CR03-492RSL) |
| v. | |
| UNITED STATES OF AMERICA, | REPORT AND RECOMMENDATION |
| Respondent. | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently incarcerated at the United States Penitentiary at Atwater, California. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2004 federal court judgment and sentence. The government filed an answer to petitioner's motion in which it opposes petitioner's requests for relief. In response to the government's answer, petitioner filed a motion for appointment of counsel. In his motion for appointment of counsel, petitioner offers arguments in opposition to those presented by the government in its answer to petitioner's § 2255 motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion and his motion for appointment of counsel should be denied.

REPORT AND RECOMMENDATION
PAGE - 1

FACTUAL/PROCEDURAL HISTORY

On October 30, 2003, petitioner was arrested after robbing a bank in Bothell, Washington. (*See* CR03-492RSL.) He was subsequently interviewed by an Agent of the Federal Bureau of Investigation. (*Id*., Dkt. No. 16 at 1.) Petitioner apparently waived his Miranda rights and admitted not only that he had robbed the Bothell bank, but that he had robbed to other local banks as well. (*Id*., Dkt. No. 16 at 1-2.) On October 31, 2003, a complaint was filed charging petitioner with the October 30, 2003, bank robbery. (*Id*., Dkt. No. 1.) Petitioner appeared for an initial hearing on that date and counsel was appointed to represent him. (*Id*., Dkt. Nos. 4 and 5.) On November 19, 2003, a felony information was filed charging petitioner with three counts of bank robbery. (*Id*., Dkt. No. 9.) Petitioner entered guilty pleas to all three counts on November 24, 2003, pursuant to a plea agreement entered into by the parties. (*Id*., Dkt. Nos. 10 and 13.)

Prior to petitioner's sentencing, the United States Probation Office prepared a presentence report in which it calculated an offense level of 25 for petitioner, and a criminal history category of V, resulting in a sentencing guideline range of 100 to 125 months. (*Id*., Dkt. No. 16 at 2.) This calculation included a three level enhancement for use of a dangerous weapon during one of the three robberies. (*See id*.) In their respective sentencing briefs, the government and petitioner each argued that petitioner should not receive a three level enhancement for use of a dangerous weapon, and each calculated an offense level of 22, with a criminal history category of V, resulting in a guideline range of 77 to 96 months. (*Id*., Dkt. Nos. 16 and 17.)

The government recommended a sentence of 77 months pursuant to the plea agreement wherein the government had agreed to recommend a sentence at the low end of the applicable guideline range. (*Id*., Dkt. No. 16 at 3.) Petitioner's counsel, on the other hand, argued that there were grounds for a downward departure. (*Id*., Dkt. No. 17 at 4-6.) Counsel first argued that petitioner's acknowledgment that he participated in two robberies for which he was not a suspect was

REPORT AND RECOMMENDATION
PAGE - 2

a factor not otherwise considered by the sentencing guidelines and merited a three level downward departure. (CR03-492RSL, Dkt. No. 17 at 4-5.) Counsel further argued that the seriousness of petitioner's prior record was over-represented by his criminal history score and that a departure to criminal history category IV was warranted. (*Id*., Dkt. No. 17 at 5-6.) An offense level of 22, in combination with a criminal history category of IV, would have resulted in a guideline range of 63 to 78 months. Petitioner's counsel argued that a sentence of 63 months was appropriate. (*Id*., Dkt. No. 17 at 6.)

On February 13, 2004, petitioner appeared before the Honorable Robert S. Lasnik, United States District Judge, for sentencing. (*Id*., Dkt. No. 18.) Judge Lasnik apparently declined to impose the three level enhancement for use of a dangerous weapon, or to grant petitioner's request for a downward departure, and sentenced petitioner to 77 months imprisonment. (*Id*., Dkt. No. 19.)

Petitioner did not file a direct appeal of his judgment and sentence. However, he now seeks relief from his judgment and sentence under 28 U.S.C. § 2255. Petitioner asserts in his § 2255 motion that he was denied effective assistance of counsel when his counsel (1) failed to explain possible enhancements pursuant to his plea agreement; (2) misled and intimidated petitioner into accepting the plea agreement; (3) failed to argue petitioner's documented mental disorder at sentencing; and, (4) failed to communicate with petitioner during "the procedures." Petitioner also asserts in his § 2255 motion that his sentence violated his Sixth Amendment right to have all facts relied upon to enhance his sentence found by a trier of fact beyond a reasonable doubt. The government argues in its answer to petitioner's motion that petitioner is not entitled to relief with respect to any of his claims.

## DISCUSSION

### Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of

REPORT AND RECOMMENDATION
PAGE - 3

counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994), quoting *Strickland*, 466 U.S. at 689.

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In order to satisfy the "prejudice" requirement in the context of guilty pleas, the petitioner must demonstrate that it is reasonably probable that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id.*

Petitioner first claims that his defense counsel, Carol Koller, rendered ineffective assistance when she failed to explain possible enhancements to petitioner's sentence pursuant to the plea agreement. Ms. Koller, who has submitted a declaration responding to the ineffective assistance of counsel claims asserted by petitioner in his § 2255 motion, states that she does not specifically recall a conversation with petitioner regarding sentencing enhancements, but it is her practice to discuss

REPORT AND RECOMMENDATION
PAGE - 4

potential enhancements with her clients prior to proceeding to trial or entering a plea.  (*See* Dkt. No. 7, Ex. 1.)  Petitioner, in his motion for appointment of counsel, asserts that competent counsel should be able to demonstrate somehow that issues as serious as sentencing enhancements have been explained to the client and that the client is fully advised.

While petitioner faults counsel for failing to fully advise him regarding sentencing enhancements, he fails to make clear what enhancements counsel neglected to explain to him or how her failure to explain any enhancements affected the outcome of these proceedings.  The record of petitioner's criminal proceedings reflects that the only "enhancements" petitioner received were a two level increase to the base offense level for robbery because the robberies involved financial institutions, and an additional three level increase to petitioner's base offense level because petitioner pleaded guilty to multiple counts.  The United States Probation Office, in its presentence report, recommended an enhancement for use of a dangerous weapon, but the government and petitioner both objected to the enhancement and no such enhancement was ever imposed by the Court.

Petitioner does not specifically assert that Ms. Koller failed to advise him regarding any of these sentencing factors nor does he specifically assert that any additional advice from Ms. Koller regarding these factors would have altered his decision to plead guilty.  On this record, the Court cannot conclude that Ms. Koller rendered ineffective assistance and, thus, petitioner's first ineffective assistance claim must fail.

Petitioner next claims that Ms. Koller rendered ineffective assistance when she misled and intimidated him into accepting the plea agreement.  However, petitioner offers no evidence or argument to support this conclusory allegation, an allegation which Ms. Koller flatly denies.  Ms. Koller states in her declaration that it was petitioner's decision to enter into the plea agreement after she had fully advised him to the best of her ability. (Dkt. No. 7, Ex. 1.)  The plea agreement signed by petitioner contains express representations by petitioner that he was satisfied with the representation

REPORT AND RECOMMENDATION
PAGE - 5

provided by Ms. Koller and that he was entering into the agreement freely and voluntarily. (CR03-492L, Dkt. No. 13 at 2 and 5.) In the absence of any specific evidence rebutting Ms. Koller's statements and petitioner's own prior representations, this Court must conclude that Ms. Koller's representation of petitioner with respect to his decision to enter into a plea agreement was adequate. Accordingly, petitioner's second ineffective assistance of counsel claim must fail.

Petitioner argues in his third ineffective assistance of counsel claim that Ms. Koller rendered ineffective assistance when she failed to argue petitioner's documented mental disorder at sentencing. Ms. Koller states in her declaration that she did investigate the issue, but was unable to document that petitioner had ever received a diagnosis of a mental disorder that would have benefitted him at a sentencing hearing. Petitioner argues in his motion for appointment of counsel that reports which documented his mental disorder did, in fact, exist prior to sentencing. Petitioner has attached to his motion for appointment of counsel reports from two counseling sessions he had with a clinical psychologist in December 2003 which indicate that petitioner had a previous diagnosis of bipolar disorder. (Dkt. No. 11, Ex. B at 1-2.) The reports indicate that petitioner was taking medication and that he had no mental health concerns or crises at the time of his visits.[1] (*Id*.) Indeed, both reports include findings that the petitioner "appeared to be in good personal control and in adequate contact with reality. Major psychiatric difficulties were not evident. . . ." (*Id*.)

It is unclear from the record whether Ms. Koller was aware at any point during the course of her representation of petitioner that petitioner had been diagnosed with bipolar disorder. However,

---

[1] These two reports, dated December 2, 2003 and December 23, 2003, were prepared prior to petitioner's sentencing. Petitioner presented this Court with two additional reports which also reflect a diagnosis of bipolar disorder but which were prepared several months after petitioner's sentencing. (Dkt. No. 11, Ex. B at 3-4.)

REPORT AND RECOMMENDATION
PAGE - 6

even assuming she was aware, or should have been aware, of the diagnosis, Ms. Koller's failure to argue the issue at sentencing does not rise to the level of ineffective assistance.

The United States Sentencing Guidelines state that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." U.S.S.G. § 5H1.3. Section 5K2.13 of the sentencing guidelines provides that

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

While petitioner offers some evidence that he had bipolar disorder at the time of his sentencing, the mere existence of such a condition would not entitle him to a departure under the guidelines. The guidelines make clear that in order to qualify for a departure based upon a mental condition, a defendant would have to establish that he had a "significantly reduced mental capacity" at the time he committed his offense. There is simply no evidence in the record indicating that petitioner would have qualified for such a departure. Thus, this Court cannot conclude that Ms. Koller's failure to argue the issue at petitioner's sentencing was erroneous or that it prejudiced petitioner in any respect. Accordingly, petitioner's third ineffective assistance of counsel claim must fail.

Finally, petitioner claims that Ms. Koller rendered ineffective assistance when she failed to adequately communicate with petitioner. This is inconsistent with the petitioner's statement in the plea agreement that he was satisfied with the representation he received. (CR03-492L, Dkt. No. 13 at 2.)

REPORT AND RECOMMENDATION
PAGE - 7

Moreover, petitioner fails to support this conclusory assertion with any evidence or argument. Absent any explanation of the issues upon which counsel failed to communicate, and the prejudice petitioner believes he suffered as a result of the alleged failure to communicate, petitioner's fourth ineffective assistance of counsel claim must also fail.

## Unconstitutional Sentence

Petitioner asserts in his second ground for relief that his sentence violated the Sixth Amendment. While petitioner's statement of this claim is not entirely clear, he appears to be of the belief that factors which were not stipulated to in his plea agreement were relied upon to enhance his sentence in violation of the recent United States Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005).

Petitioner does not identify what factors he believes were relied upon to enhance his sentence in a fashion that rendered his sentence unconstitutional. At his plea hearing, petitioner pleaded guilty to robbing three financial institutions. The plea agreement entered into by the parties set forth the factual basis for each of the charged robberies. Petitioner's sentencing guideline range was calculated based solely upon the conduct admitted to by petitioner in his plea agreement. Petitioner did not receive any enhancements to his sentence which were not based upon the facts set forth in his plea agreement. Accordingly, petitioner's sentence did not violate the Sixth Amendment and petitioner's second ground for relief should therefore be denied.[2]

## Motion for Appointment of Counsel

As noted above, petitioner filed a motion for appointment of counsel in this case after receiving the government's answer to his § 2255 motion. Petitioner argues in his motion for appointment of counsel that his § 2255 motion is meritorious, that he is likely to prevail, and that fairness dictates that

---

[2] Because this Court has concluded that petitioner's sentence did not violate the Sixth Amendment, it need not further address whether petitioner would be entitled to any relief under the *Blakely* and *Booker* decisions.

REPORT AND RECOMMENDATION
PAGE - 8

he be appointed counsel to assist him in these proceedings.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2255 unless an evidentiary hearing is required.  *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991), *cert. denied*, 503 U.S. 1011 (1992); and Rule 8(c) of the Rules Governing Section § 2255 Cases in the United States District Courts.  Because this Court does not deem it necessary to conduct an evidentiary hearing in order to resolve petitioner's claims, petitioner has no right to appointment of counsel in these proceedings.  The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require."  18 U.S.C. § 3006A.  However, petitioner fails to satisfy this Court that the interests of justice are best served by appointment counsel.  Accordingly, petitioner's motion for appointment of counsel should be denied.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's § 2255 motion and his motion for appointment of counsel be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of June, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge